FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 3 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PHILLIP MILLER,

               Plaintiff,

       -against-

CITY OF NEW YORK; DA CHARLES HYNES;
NYPD POLICE OFFICER MERV, Tax Registry
#947249,

               Defendants.

-------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-2965 (MKB) (LB)

**BRODIE, United States District Judge:**

On June 12, 2012, Plaintiff Phillip Miller, appearing *pro se*, filed this action pursuant to federal and state laws.[1] The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed against District Attorney Charles Hynes for the reasons set forth below.

**I.    Background**

Plaintiff alleges that he was issued a summons on April 16, 2012, for carrying an open container of an alcoholic beverage. (Compl. ¶ 6.) Plaintiff alleges that he "appeared before the New York City Court . . . and was vindicated of all offenses charged by the police officer." *Id.* at ¶ 21. Plaintiff further alleges that the City has an "unwritten policy and practice called the 'Jim Crow laws' whereby persons of such races of African-American and Hispanic-Americans are deliberately targeted for ticketing, arrest, detention . . . ." *Id.*

---

[1] This complaint is very similar to one filed the same week which includes the same attachment "Jim Crow must go" and appears to have been drafted by the same person. *See Vanterpool v. City of New York*, No. 12-CV-2961 (MKB) (SMG) (filed June 11, 2012).

## II.  Discussion

### a. Standard of Review

In reviewing the Complaint, the Court is aware that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe Plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation and quotation marks omitted).

### b. Personal Involvement

As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

2

Here, Plaintiff fails to make any allegations against District Attorney Charles Hynes that could suggest he had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights on April 16, 2012 or thereafter. *Farrell*, 449 F.3d at 484. As Plaintiff fails to allege facts sufficient to "allow[] [a] court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Complaint is dismissed against Defendant Hynes for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### c. Immunity

In any event, even if Plaintiff had alleged facts sufficient to show defendant Hynes's personal involvement, which he does not, Plaintiff's claim against defendant Hynes would still fail. It is well-settled that prosecutors generally enjoy absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such immunity typically applies when a prosecutor acts as "an officer of the court." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996); *Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution). "A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (citations omitted) (quoting *Imbler*, 424 U.S. at 431 n.34 (1976)). Furthermore, it is well-settled that "a state prosecuting attorney who acted within the scope of his

3

duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." *Shmueli*, 424 F.3d at 236 (quoting *Imbler*, 424 U.S. at 431 (1976)).

**III.   Conclusion**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against District Attorney Charles Hynes for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against this defendant.

The complaint against Defendants City of New York and Police Officer Merv or Meru, Tax Registry # 947249 of the 76th Police Precinct shall proceed. The Clerk of Court shall prepare a summons against these defendants and the United States Marshals Service shall serve the summons, complaint and a copy of this Order upon these defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

_____
MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
       July 3 , 2012

4